## HARRIS v STATE OF FLORIDA
### Case No. 88-17250 (County Court Case No. 88-11501)
Thirteenth Judicial Circuit, Hillsborough County

March 14, 1990

### APPEARANCES OF COUNSEL
**James M. Barton, II, Esquire,** Assistant State Attorney, for appellee.
**Daniel Kirkwood, Esquire,** Assistant Public Defender, for appellant.

### OPINION OF THE COURT
JOHN P. GRIFFIN, Circuit Judge.

We have on appeal HARRIS VS. STATE OF FLORIDA in which the Defendant was convicted of IMPROPER EXHIBITION OF A FIREARM.

Appellant appeals the lower court's non-jury conviction of the Defendant, arguing that proof of venue is crucial in any criminal prosecution and that venue "was never proven during the trial".

The State of Florida argues that a failure to raise the issue of venue in the trial court constitutes a waiver of that issue, and that it cannot be raised for the first time on appeal.

The State is correct.

When the Defendant failed to raise the issue of waiver at the termination of the State's case or in the MOTION FOR NEW TRIAL, that issue was effectively waived.

Additionally, Appellant seems to argue that there are certain magic words that must be uttered in order for the State to prove venue. Such is not the case.

A review of the transcript of the record indicates that the complaining witness testified that he resided at "16003 Windleaf Place". (R. 9). The Defendant testified that he resided at "16005 Windleaf Place, *Tampa,* Florida" (R. 39 - emphasis added).

The record is unchallenged that the incident charged against the Defendant occurred at the location on Windleaf Place where the complainant resides. The Defendant's admission that he lives next door at 16005 Windleaf Place, *Tampa,* Florida, and the Court as finder of fact being able to take judicial notice of the fact that Tampa, Florida lies within the boundaries of Hillsborough County, establishes venue as certainly as if particular magic words were used by the State. To reason otherwise is to argue form over substance.

The decision of the lower court is affirmed.

DONE AND ORDERED at Tampa, Hillsborough County, Florida, this 14th day of March, 1990.